190    577
Case 2
f 36 SC ³634

## J. F. Boyle's Retail Liquor License.

*Practice, Supreme Court—Practice, Superior Court—Special allocatur—Constitutional question.*

An appeal from the Superior Court to the Supreme Court in a case where the only question involved is the constitutionality of all liquor legislation, cannot be taken without a special allocatur.   The provision in the Act of June 24, 1895, P. L. 217, relating to appeals in cases involving "the construction or application of the constitution," contemplates only actual, open and unsettled unconstitutional questions—not so-called questions that have been raised, fully considered and more than once definitely settled.

Applications for appeals should be by petition, setting forth clearly and distinctly the reason therefor, so that the Supreme Court or any of its justices may readily determine whether the application is within the letter, as well as the spirit, of the Superior Court act, and the petition should be filed with the prothonotary of the Supreme Court, so that a record of it may be kept.

*Liquor laws—Constitutional laws.*

The liquor legislation of Pennsylvania authorizing the granting of re-

tail liquor licenses does not ex necessitate rei violate any provision of the constitution of the United States, or of the constitution of Pennsylvania.

Argued March 21, 1899. Appeal, No. 386, Jan. T., 1898, by Hiram DeWalt, from judgment of Superior Court, affirming order of court of quarter sessions of Philadelphia Co., granting a retail liquor license. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Appeal quashed.

Appeal from Superior Court.
The case was reported in 8 Pa. Superior Ct. 521.

*Error assigned* was in affirming the order of the quarter sessions.

*Hiram De Walt*, remonstrant and appellant, P. P.—The record showing that the case involves the construction of the constitution of the United States and of Pennsylvania, no special allowance was necessary: In re Melon Street, 182 Pa. 397.

The retail liquor saloon or dram shop is a common nuisance: Mugler v. Kansas, 123 U. S. 623; Crowley v. Christensen, 137 U. S. 86.

The retail liquor saloon or dram shop exists only by permission of acts of legislature: Youngblood v. Sexton, 32 Michigan, 406; State v. Hipp, 38 Ohio, 206; Crowley v. Christensen, 137 U. S. 86; Toledo, etc., Ry. Co. v. Jacksonville, 67 Ill. 37; Lake View v. Rose Hill Cemetery Co., 70 Ill. 192.

Acts of legislature creating, permitting or attempting to regulate the retail liquor saloon or dram shop, are unconstitutional and void: Mugler v. Kansas, 123 U. S. 623; Stone v. Mississippi, 101 U. S. 814.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 3, 1899:
This appeal from the judgment of the Superior Court, affirming the order granting a retail liquor license to James F. Boyle, is here without any allowance by that court, or by this Court or any of its justices.

It is claimed by appellant, who appears in person, that the appeal is rightly here, because, in his opinion, " the case involves the construction or application of the constitution of the United States," as well as "the construction or application of the con-

stitution of Pennsylvania : " Superior Court Act, June 24, 1895, P. L. 217.  He says, the retailing of intoxicating liquors "is a common nuisance," which exists only by permission of acts of the legislature.  His broad proposition is, that any act of assembly which regulates or attempts to regulate the retail sale of spirituous, vinous or malt liquors, is necessarily and essentially unconstitutional ; and, applying that principle to the facts of this case, his contention is that our acts of assembly providing for the granting of hotel, saloon and restaurant licenses and regulating the sale of intoxicating liquors thereunder, are ex necessitate rei unconstitutional and void, and should be so declared by the courts, notwithstanding the fact that the same question has been repeatedly presented to them, and after full consideration such acts have been adjudged constitutional.

Adhering to that line of decisions, the Superior Court in this case said : " And notwithstanding the very earnest argument of the appellant, who appeared in person, we see no reason to doubt the constitutionality of the law under which this license was granted.  The power of the state to regulate the sale of intoxicating liquors and, in the exercise of that power, to authorize the granting of licenses to fit persons under such conditions as the legislature may impose, is too well settled to be open to discussion."  We unanimously concur in this conclusion ; and if we thought that this case should be disposed of on its merits alone, we would affirm the judgment of the learned court below for the reason so accurately and tersely stated in the last sentence of the foregoing quotation from its opinion.  But, aside from the want of merit, we are of opinion that, according to the true intent and meaning of the provision above referred to, this case does not involve any such constitutional " construction " or " application " as is contemplated by the Superior Court act. It contemplates only actual, open and unsettled constitutional questions, not so-called questions that have theretofore been raised, fully considered and more than once definitively settled, as had been appellant's supposed question in this case.  It was never intended that such practically dead issues of law should be revived and re-revived and agitated ad infinitum.  The ipse dixit of an appellant, that his case involves a constitutional question, does not make it so ; and it is the duty of this Court or one of its justices to be satisfied, preliminarily, that the case is one

in which a right of appeal is contemplated by the act. If it is not a case in which the right of appeal from the judgment or decree of the Superior Court is given, the sooner that fact is determined, the better for all parties concerned. Such a course of practice will, in many cases, avoid useless expenditures of time and money, and tend to prevent useless and vexatious delays.

In addition to all that, regular and orderly practice requires that applications for all appeals should be by petition, setting forth clearly and distinctly the reasons therefor, etc., so that this Court or any of its justices may readily determine whether the application is within the letter, as well as the spirit, of the Superior Court act. In this connection, it is worthy of notice that the last sentence of section 18 of the Act of May 19, 1897, P. L. 71, appears to contemplate that, as the first step in the proceeding, petitions for allowance of appeals shall be filed with the prothonotary of this Court, so that a record of the same may be kept, etc. If the Court is in session, they will be laid before it and acted upon ; if not, they will be forwarded to such justice or justices as the petitioners may suggest. Our established practice is that, as far as practicable, each member of the Court shall participate in the disposition of such petitions.

Without further elaboration, our opinion is that there is no ground on which an appeal in this can be based, and hence the appeal is quashed, and it is ordered that the appellant pay the costs.